UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
-----------------------------------------------------------------X
ROGELIO QUIROZ, on behalf of himself and all
others similarly situated,

                           Plaintiff,

  -against-                                   **COMPLAINT**

SHALIMAR SWEETS & RESTAURANT, KING OF
SWEETS CORP. d/b/a SHALIMAR                  **COLLECTIVE ACTION**
RESTAURANT AND SWEETS, MOHAMMAD
LATIF a/k/a SETH LATIF, ABID LATIF, and
ZAHID LATIF,

                           Defendants.
-----------------------------------------------------------------X

      Plaintiff Rogelio Quiroz ("Quiroz" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Shalimar Sweets & Restaurant, King of Sweets Corp. d/b/a Shalimar Restaurant and Sweets ("Shalimar"), Mohammad Latif a/k/a Seth Latif, Abid Latif, and Zahid Latif (collectively with Shalimar, "Defendants") alleges:

### NATURE OF THE COMPLAINT

    1.    While employed as a dishwasher and porter at Shalimar Restaurant and Sweets, Quiroz regularly worked 72 to 78 hours per workweek. Throughout his employment, Quiroz was paid at a weekly salary rate that did not compensate him for overtime hours worked.

    2.    Quiroz, on behalf of himself and all others similarly situated, brings this action to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Shalimar is located in the District of New Jersey.

## THE PARTIES

### Plaintiff Rogelio Quiroz

5. Quiroz resides in Middlesex County, New Jersey.

6. Defendants employed Quiroz as a dishwasher and porter from in or about March 2012 until August 2019.

### Shalimar Sweets & Restaurant, King of Sweets Corp.

7. Defendant Shalimar is a New Jersey corporation that operates as Shalimar Sweets and Restaurant and is located at 1335 Oak Tree Road, Iselin, NJ 08830.

8. Shalimar is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9. Shalimar has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Within the three years prior to the filing of this Complaint, Shalimar had an annual gross volume of sales in excess of $500,000.

### Defendant Mohammad Latif

11. Defendant Mohammad Latif owns and operates Shalimar.

12. Mohammad Latif is also known as Seth Latif.

13. Throughout Quiroz's employment, Mohammad Latif hired and fired employees at Shalimar.

14. Throughout Quiroz's employment, Mohammad Latif was regularly present at Shalimar directing the manner in which employees performed their daily duties and assignments.

15. For example, Mohammad Latif regularly directed Quiroz to clean areas of the restaurant.

16. Mohammad Latif exercised sufficient control over the operations of Shalimar to be considered Quiroz's employer under the FLSA and NJWHL.

**Defendant Abid Latif**

17. Defendant Abid Latif owns and operates Shalimar.

18. Throughout Quiroz's employment, Abid Latif hired and fired employees at Shalimar.

19. Throughout Quiroz's employment, Abid Latif was regularly present at Shalimar directing the manner in which employees performed their daily duties and assignments.

20. For example, along with Zahid Latif, Abid Latif hired Quiroz in 2012.

21. Abid Latif established and implemented the work and pay practices and scheduling policies at Shalimar.

22. For example, along with Zahid Latif, Abid Latif would regularly give Quiroz his wages.

23. Abid Latif exercised sufficient control over the operations of Shalimar to be considered Quiroz's employer under the FLSA and NJWHL.

**Defendant Zahid Latif**

24. Defendant Zahid Latif owns and operates Shalimar.

3

25. Throughout Quiroz's employment, Zahid Latif hired and fired employees at Shalimar.

26. Throughout Quiroz's employment, Zahid Latif was regularly present at Shalimar directing the manner in which employees performed their daily duties and assignments.

27. For example, during the last week that Quiroz worked at Shalimar, Zahid Latif directed him to clean the bathroom in the upstairs office.

28. Zahid Latif established and implemented the work and pay practices and scheduling policies at Shalimar.

29. For example, Zahid Latif denied Quiroz's request to take time off to see a doctor in or about August 2019.

30. In addition, whenever Quiroz's wages were short, Quiroz spoke to Zahid Latif, who would say that he could not pay Quiroz if his name was not on the list of people who worked each day.

31. Zahid Latif exercised sufficient control over the operations of Shalimar to be considered Quiroz's employer under the FLSA and NJWHL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32. Shalimar is open for business Monday through Friday from 10:00 a.m. until 12:00 a.m. and Saturday and Sunday from 8:00 a.m. until 12:00 a.m.

33. As a dishwasher and porter at Shalimar, Quiroz washed chafing dishes and other containers, cleaned the grill, mopped and swept the two restaurant areas, broke down boxes, took out the trash, and performed other custodial tasks.

34. Throughout his employment Quiroz would start his duties while the restaurant was still open and would continue to clean after the business closed at midnight each night.

4

35. From approximately 2014 until the end of his employment in August 2019, Quiroz regularly worked a six-day schedule: Tuesday through Sunday from 7:00 p.m. until 7:00 a.m., for an approximate total of 72 hours per workweek.

36. Throughout this period, during South Asian holiday seasons, Quiroz regularly came in early, at 6:00 p.m., and worked approximately 78 hours on those workweeks.

37. Approximately once a month, Quiroz would take an additional day off and work a five-day week.

38. From approximately 2014 to July 2019, Defendants paid Quiroz a weekly salary of $450.

39. Throughout this period, if Quiroz worked five days, Defendants paid him a salary of $375.

40. From approximately July 2019 to the end of his employment in August 2019, Defendants paid Quiroz a weekly salary of $600.

41. Throughout this period, if Quiroz worked five days, Defendants paid him a salary of $500.

42. Throughout Quiroz's employment, Shalimar did not have a time keeping system.

43. Throughout Quiroz's employment, an employee named Komal would keep a record of who was present each day.

44. Approximately once every two months throughout Quiroz's employment at Shalimar, Defendants would erroneously pay him for five days instead of six.

45. For example, Defendants paid Quiroz $500 for his last week of work in August 2019, even though he worked six days that week and worked approximately 72 hours.

5

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and on behalf of all other non-exempt back of the house workers (the "Kitchen Workers") of Shalimar who elect to opt-in to this action (the "FLSA Collective").

47. The FLSA Collective consists of approximately twenty-five similarly situated current and former Kitchen Workers of Shalimar, who, over the last three years have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them overtime wages due under the FLSA.

48. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia*, failing to pay Plaintiff and the FLSA Collective overtime wages for all hours worked in excess of forty per week.

49. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked.

50. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of forty per workweek.

51. Defendants' unlawful conduct has been widespread, repeated, and consistent among the Kitchen Workers of Shalimar, including Plaintiff.

52. There are approximately 25 similarly situated current and former Kitchen Workers who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the

opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

53. Throughout his employment, Quiroz observed that there were other non-exempt back-of-the-house employees who also worked approximately 72 hours per workweek and were also paid on a weekly salary basis.

54. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

### FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

55. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

56. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

57. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled to under the FLSA.

58. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

59. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

60. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

61. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

62. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

63. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff and the Kitchen Workers who opt-in to this action one and one (1½) half times their regular rate of pay for all hours worked in excess of forty.

64. Defendants have failed to pay Plaintiff and the Kitchen Workers who opt-in to this action the overtime wages to which they are entitled to under the NJWHL.

65. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Kitchen Workers who opt-in to this action overtime wages.

66. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Kitchen Workers who opt-in to this action are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt Kitchen Workers who are presently working, or who have worked, at any time during the three years

immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Shalimar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.     Designation of Plaintiff as representative for the FLSA Collective;

      C.     Designation of counsel as counsel for the FLSA Collective;

      D.     Award of unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA;

      E.     Award of unpaid overtime wages, pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

      F.     Award pre- and post-judgment interest;

      G.     Award reasonable attorneys' fees and costs of the action; and

      H.     Award such other relief as this Court deems just and proper.

Dated: New York, New York
       January 28, 2020

By: _____
Louis Pechman (Bar No. 035931983)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*

immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Shalimar. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.    Designation of Plaintiff as representative for the FLSA Collective;

      C.    Designation of counsel as counsel for the FLSA Collective;

      D.    Award of unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA;

      E.    Award of unpaid overtime wages, pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

      F.    Award pre- and post-judgment interest;

      G.    Award reasonable attorneys' fees and costs of the action; and

      H.    Award such other relief as this Court deems just and proper.

Dated: New York, New York
       January 28, 2020

By: _____
Louis Pechman (Bar No. 035931983)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*