# PECHMAN LAW GROUP PLLC

### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

January 15, 2021

**VIA ECF**

Honorable Michael A. Hammer
United States Magistrate Court Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom 2C
Newark, New Jersey 07101

> Re:  *Quiroz v. Shalimar Sweets & Restaurant, King of Sweets Corp., et al.,*
> 20 Civ. 902 (ES)(MAH)

Dear Judge Hammer:

This joint letter is submitted on behalf of plaintiff Rogelio Quiroz and defendants Shalimar Sweets & Restaurant, King of Sweets Corp. d/b/a Shalimar Restaurant and Sweets ("Shalimar"), Mohammad Latif a/k/a Seth Latif, Abid Latif, and Zahid Latif (collectively with Shalimar, "Defendants") (together, the "Parties") in the above referenced matter. This letter is submitted seeking Court approval of the enclosed Settlement Agreement and to so-order the attached stipulation, Exhibit B to the Settlement Agreement.

## PROCEDURAL HISTORY AND ALLEGATIONS

Plaintiff filed this case on January 28, 2020 asserting claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* and N.J.A.C. § 12:56 *et seq.* ("NJWHL"). The Parties' respective counsel engaged in arm's length negotiations since the time of filing and in December 2020 reached a settlement of the claims. Plaintiff's claims were settled for $40,000, as detailed in the fully executed Settlement Agreement submitted together with this letter as Exhibit 1.

Defendants own and operate a restaurant in Iselin, New Jersey that serves traditional Pakistani, Indian, and Bangladeshi cuisines. Plaintiff worked as a dishwasher and porter at Shalimar from in or about March 2012 until August 2019. Plaintiff alleged that although he regularly worked between 72 and 78 hours per workweek, he was paid on weekly salary basis, which did not compensate him for overtime hours worked.

On May 8, 2020, Defendants filed an Answer generally denying the material allegations in the Complaint. (ECF No. 17). In negotiations, Defendants argued that Plaintiff worked less hours than alleged in the Complaint and produced time and payroll records to support their position. In addition, Defendants argued that Plaintiff had breaks in his employment and did not work for the entirety of the period alleged. The records produced showed Plaintiff worked less hours than alleged, overtime hours being accounted for, and Plaintiff's purported signature. Defendants also produced weekly releases of wage and hour claims purportedly signed by Plaintiff. The records do not show the total amounts paid to Plaintiff or the rates per hour. Plaintiff disputes the validity of the records, as he did not sign any documents each week, does not recognize the documents, and to his knowledge no one kept track of his hours. Simply put, Defendants assert that they provided voluminous pages of payroll records and weekly records of wages which Plaintiff signed acknowledging receipt of payment.

In light of the risks inherent in continuing litigation and associated costs, the Parties mutually agreed to resolve their bona fide dispute as set forth in the attached Settlement Agreement. Should this case continue, the Parties will have to complete discovery and motion practice, prepare for trial, and try the case, which would last several days. Afterwards, either Party could appeal a result. Proceeding to trial would consume significant amounts of time and resources, including the resources used to resolve this matter. To avoid risk and unnecessary expense, the Parties chose to settle.

## SETTLEMENT IS FAIR AND REASONABLE

When "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Rabbenou v. Dayan Foods, Ltd.*, No. 17-cv-1330, 2017 WL 3315263, *1 (D.N.J. Aug. 3, 2017) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1250, 1353 (11th Cir. 1982); *Morales v. PepsiCo, Inc.*, No. 11-cv-6275, 2012 WL 870752, *1 (D.N.J. Mar 14, 2012)).

[A] district court "may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Rabbenou*, 2017 WL 3315263 at *1; *Gabrielyan v. S.O. Apartments LLC*, No. 15–cv–1771, 2015 WL 5853924, *2 (D.N.J. Oct. 5, 2015); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2014 WL 911718, *2 (E.D. Pa. Mar. 7, 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Gabrielyan*, 2015 WL 5853924 at *2 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider 1) whether the compromise is fair and reasonable to the employee and 2) whether the compromise otherwise frustrates the implementation of the FLSA. *Id.* *See also Singleton v. First Student Mgmt. LLC*, No. 13-cv-1744, 2014 WL 3865853, *8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 WL 911718 at *2. Thus,

"in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA." *Gabrielyan*, 2015 WL 5853924 at *2.

First, there is a bona fide dispute between the Parties. This settlement was reached following arm's-length discussions between counsel well-versed in wage and hour law after the Parties conducted a thorough investigation, evaluated the claims and defenses, and had discussions regarding valuation of the case, legal precedent, and Defendants' ability to pay. The proposed settlement agreement resolves bona fide disputes over sharply contested issues, including, but not limited to, the hours Plaintiff worked per workweek, whether he received a fixed weekly salary, the authenticity of Defendants' records produced, and whether there were breaks in Plaintiff's employment with Defendants. The Parties therefore acknowledge that they faced risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial.

Second, the Settlement Agreement is fair and reasonable to Plaintiff. The Agreement requires Defendants to pay Plaintiff $40,000 (the "Settlement Sum") to resolve his claims. Defendants will pay the Settlement Sum in one lump sum upon approval of the Settlement Agreement. The Settlement Sum will be allocated as follows: $26,194.00 to Plaintiff and $13,806.00 to Plaintiff's counsel. In accordance with the retainer agreement signed by Plaintiff, attorneys' fees are 33.3% of the total settlement agreement amount after reimbursement of costs ($400 complaint filing fee and $310 in service fees). After attorneys' fees and expenses, Plaintiff will recover almost 76% of the wages allegedly owed to him as calculated by Plaintiff's counsel using Plaintiff's allegations of the number of hours that he worked and pay he received. If a trier of fact credited Defendants' allegations as to the number of hours that Plaintiff worked per workweek and/or that he was paid an hourly rate, Plaintiff's recovery would be greatly reduced and he may not be owed anything. The Agreement should be approved because it represents a compromise between the Parties' calculations of wages owed to Plaintiff. The parties are both seeking a general release as part of the agreement.

Third, the Agreement does not frustrate the purposes of the FLSA. This settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. In light of Plaintiff's position regarding the documents produced by Defendants, should the case continue the parties would have to engage in costly and time-consuming depositions. Continuing through trial would also consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all those involved. Although the Complaint was filed as a collective action, the settlement reached is for Plaintiff alone. Consequently, this settlement will not prejudice any other employee from pursuing a claim against Defendants in the future. Finally, the Agreement does not contain confidentiality and releases are limited to wage and hour claims.

The Parties respectfully submit the enclosed proposed order (Exhibit B to the Settlement Agreement) for the Court's convenience and request, for the foregoing reasons,

that the Court so-order it, thereby approving the Parties' Settlement and dismissing this matter.

    We thank the Court for its time and consideration of this matter, and are available to provide any further information or documentation the Court requires.

Respectfully submitted,

*s/ Louis Pechman*

Louis Pechman

cc:  Counsel for Defendants (via ECF)

Enclosures