UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

---

ROGELIO QUIROZ, on behalf of himself and
all others similarly situated.

                Plaintiff,

        -against-

SHALIMAR SWEETS & RESTAURANT,
KING OF SWEETS CORP. d/b/a SHALIMAR
RESTAURANT AND SWEETS, MOHAMMAD
LATIF a/k/a SETH LATIF, ABID LATIF,
and ZAHID LATIF,

                Defendants.

---

20 Civ. 902 (MAH)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Rogelio Quiroz ("'Plaintiff') and Shalimar Sweets & Restaurant, King of Sweets Corp. d/b/a Shalimar Restaurant and Sweets, Mohammad Latif a/k/a Seth Latif, Abid Latif, and Zahid Latif (collectively '·Defenda nts'"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

## RECITALS

**WHEREAS,** on February 4, 2020, Plaintiff, through his counsel, Pechman Law Group PLLC, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court. District of New Jersey (the "Court"), Docket No. 2:20--cv- 0090 2-ES-MAH (the "Action"), alleging, *inter alia,* that he worked for Defendants as a dishwasher and porter; that he regularly worked in excess of forty hours per workweek; and that Defendants failed to pay him overtime wages throughout his employment;

**WHEREAS,** Plaintiff claims that, upon the allegations made in the Complaint, he is entitled to recover from Defendants unpaid overtime wages, liquidated and statutory damages, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 20 I *et seq.* ("FLSA"). and the New Jersey Wage and Hour Law, N.J.S.A. 34: I l-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL");

**WHEREAS,** Defendants deny the allegations asserted by Plaintiff in his Complaint and deny that they have violated any applicable law, rule, regulation or statute;

**WHEREAS,** the Parties have exchanged information relating to the Claims in this Action, such as payroll records provided by Defendants, such that they have adequate information to assess the appropriateness of this Agreement and the merits of the Claims and Defendants' defenses;

**WHEREAS,** the Parties, with counsel, negotiated in good faith and agreed on the key terms of settlement; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree to the terms below as full and complete settlement of the Action and the Claims, subject to Court approval pursuant to applicable provisions of federal, state, and /or local law:

I. **Settlement Amount**

In full and final settlement of the Action, and in consideration for the release contained in Section 3 of this Agreement, Defendants.jointly and severally, shall make one lump sum payment of Forty Thousand Dollars and Zero Cents ($40,000.00) (the ··settlement Amount") by January 22, 2021, or within five business days of court approval of this Agreement, whichever is later (the "Payment Date"). The Settlement Amount shall be allocated as follows:

   i. payment of Twenty-Six Thousand One Hundred Ninety-Four Dollars and Zero Cents ($26,194.00) via check payable to "Rogelio Quiroz," not subject to withholding, and reported on an IRS I 099 form;

   ii. payment of Thirteen Thousand Eight Hundred and Six Dollars and Zero Cents ($13,806.00) via check payable to ·'Pechman Law Group PLLC," which shall represent attorneys' fees and costs, and reported on an I RS I 099 Form.

   111. Payment of the Settlement Amount shall be sent to the attention of Louis Pechman, Esq., Pechman Law Group PLLC, 488 Madison Avenue, 17th Floor, New York, NY I 0022, or to such other address or addresses as Plaintiffs counsel may designate by email to Defendants' counsel. Plaintiffs counsel shall confirm by email the mailing address(es) by two (2) days before the Payment Date.

2. **Mutual General Release of Claims**

In consideration for the promises and actions of Defendants set out in this Agreement, Plaintiff waives, releases, satisfies. and discharges each Defendant and any parent, subsidiary, related or affiliated companies, and each of their past, present and future officers, members, directors, shareholders, insurers, representatives. managers, attorneys. employees, owners, benefit plan fiduciaries and agents, and their respective successors and assigns (collectively **"Releasees"),** jointly and severally, from any and all actions, complaints, causes of action, lawsuits or claims of any kind (collectively **"Claims"),** known or unknown, asserted or unasserted. which Plaintiff, Plaintiffs heirs, agents, successors or assigns ever had, now have or hereafter may have against Releasees resulting from anything which has happened up until now, including, by way of example rather than limitation, any matter, cause or claims relating in any way to Plaintiffs employment relationship or the termination of Plaintiffs employment

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

relationship with the Defendants, including but not limited to. any claims for liquid damages, interests. statutory damages, attorneys' fees and costs, unlawful deductions, withheld tips, and/or any other benefits, earnings. or back pay of any kind under the FLSA, the NJWHL. their respective interpretative and implementing regulations. and any other local, state, or federal statute, code, or ordinance concerning the payment and/or receipt of wages. This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled. released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiff against Defendants in any future action.

In consideration for the promises and actions of Plaintiff set out in this Agreement, each Defendant waives, releases, satisfies, and discharges Plaintiff jointly and severally, from any and all actions. complaints, causes of action, lawsuits or claims of any kind. known or unknown, asserted or unasserted, which each Defendants, its heirs. agents, successors or assigns ever had, now have or hereafter may have against Plaintiff resulting from anything which has happened up until now, including, by way of example rather than limitation. any matter, cause or claims relating in any way to Plaintiff's employment relationship or the termination of Plaintiffs employment relationship with the Defendants, including but not limited to, any claims for liquid damages. interests. statutory damages. attorneys' fees and costs.

Excepted from this mutual general release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement (including claims to enforce this Agreement) and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or a state administrative agency.

**3.    Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed as Exhibit ·'A," to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

**4.    Non-Admission of Liability**

Defendants do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Complaint in the Action. This Agreement shall not be admissible as evidence in any proceeding except where one of the parties hereto seeks to enforce this Agreement or alleges that this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a court or administrative agency of competent jurisdiction, by subpoena, court order or otherwise.

**5.    Attorneys' Fees and Costs**

Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreement executed by the Plaintiff in this case.

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

**6.    Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without reference to its conflicts or choice of law principles. The Parties consent to the jurisdiction of this Court for any Iitigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. As part of this Agreement, the Parties jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.

**7.    Signatures in Counterparts**

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as the original signatures. Electronic or PDF signatures, including signatures using a program such as DocuSign. are acceptable as physical signatures.

**8.    Voluntary Agreement**

Plaintiff represent and warrants that he has entered into this Agreement of his own free will and accord, not subject to coercion or undue influence. Plaintiff further represents and warrants that he is satisfied with the legal representation and services received from his attorneys, PLG, and believe that the Settlement Amount and its distribution, as set forth in Section I above. represents a fair and reasonable compromise of the disputes in the Action.

**9.    Entire Agreement**

This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

**10.    Severability**

In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

**11.    Non-Waiver/No Modification**

This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

**12. Notices**

Any Section of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email using the addresses and contact information below, unless a Party designates another address or different contact information in writing:

| If to Plaintiff: | If to Defendants, notice to: |
|---|---|
| Louis Pechman, Esq.<br>Pechman Law Group PLLC<br>488 Madison Avenue, I 7th Floor<br>New York, NY I 0022<br>Phone:(212)583-9500<br>Fax: (21 2) 409- 8763<br>pechm an@ pechma nlaw.com | James E Stahl, Esq.<br>Borrus, Goldin, Foley, Vignuolo,<br>Hyman and Stahl, P.C.<br>2875 US Route One<br>North Brunswick, NJ 08902<br>(732) 422-1000<br>JStahl *c.* bo rrus.com |
| | Steven L. Fox, Esq.<br>Lindabury, McCormick, Estabrook<br>& Cooper, P.C.<br>331 Newman Springs Road<br>Bldg. 2, Suite 225<br>Red Bank, NJ 07701<br>(732) 741-7777 Ext. 4207<br>SFox= lin dabury.com |

**13. Reconocimiento en Espanol (Spanish Acknowledgment):**

El Demandante representan que su idioma materno es el espaiiol y que su abogado de Pechman Law Group PLLC ha repasado todos los terminos de este Acuerdo con el en espaiiol. El Demandante ha entendido todos los terminos de este Acuerdo y los acepta voluntariamente al firmar el Acuerdo. (Plaintiff represent that his primary language is Spanish and that his counsel, Pechman Law Group PLLC, has reviewed all the terms of this Agreement with them in Spanish. Plaintiff has fully understood all of the terms of this Agreement and voluntarily accepts them by signing below).

**14. Plaintiff understands, represents, and agrees that he:**

a. has carefully reviewed and fully understood every provision of this Agreement prior to executing it;

b. is, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims in the Action, that Plaintiff has or may have against them relating to their employment or his separation from employment with Defendants;

c. knowingly and voluntarily intend to be legally bound by all of the terms set forth in this Agreement; and

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

d.  was advised to consider the terms of this Agreement with counsel and have consulted with counsel prior to executing this Agreement.

Dated: New York, New York
_____, 2021

**Plaintiff**

_____
Rogelio Quiroz

Dated: 01 / 15 / 2021

**Defendants**

Shalimar Sweets & Restaurant, King of Sweets Corp. d/b/a Shalimar Restaurant and Sweets

By: Zahid Latif

Title: MANAGER

Dated: 1-9-21

_____
Mohammad Latif a/k/a Seth Latif

Dated: 1-9-21

_____
Abid Latif

Dated: 1-9-21

_____
Zahid Latif

Dated: 1-9-21

# EXHIBIT A

3224900\I

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
-----------------------------------------------------------------
ROGELIO QUIROZ, on behalf of himself and all others similarly situated.

                       Plaintiff,

        -against-

SHALIMAR SWEETS & RESTAURANT, KING OF SWEETS CORP. d/b/a SHALIMAR RESTAURANT AND SWEETS, MOHAMMAD LATIF a/k/a SETH LATIF, ABID LATIF, and ZAHID LATIF,

                       Defendants.
-----------------------------------------------------------------

20 Civ. 902 (MAH)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS,** on February 4, 2020, Plaintiff filed a Complaint, which asserts claims for. *inter a/ia,* failure to pay overtime wages and liquidated statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *el seq.* ("FLSA ") and/or the New Jersey Wage and Hour Law (..NJWHAL");

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia,* bona fide disputes over a provision(s) of the FLSA, the NJWHL, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

and the Court having held a hearing on January 20, 2021 on the record, and having considered Plaintiff's and Defendants' submissions (D.E. 37); and for the reasons set forth on the record on January 29, 2021; and for good cause shown,

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

3224900\1

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43

Dated: New York, New York
      January 15, 2021

| **PECHMAN LAW GROUP PLLC** | **LINDABURY, MCCORMICK, ESTABROOK** |
| *Attorneys for Plaintiff* | **& COOPER, P.C.** |
| | *Attorney for Defendants* |

By: *LJuu,,,/J*

Louis Pechman, Esq.
488 Madison Avenue. 17th Floor
New York, NY 10022
Tel.: (212) 583- 9500
Fax: (212) 409-8763

331 Newman Springs Road
Bldg. 2, Suite 225
Red Bank, NJ 07701
Tel.: (732) 741-7777 Ext. 4207

James E Stahl, Esq.
Barrus, Goldin, Fole y, Vignuolo.
Hyman and Stahl. P.C.
2875 US Route One
North Brunswick, NJ 08902
Tel.: (732) 960-2298

SO ORDERED.

s/ Michael A. Hammer
HON. MICHAEL A. HAMMER, U.S.M.J.

DATED: January 29, 2021

Doc ID: 4592a3bd20e43b327231fcb3830e26ed5a79fd43